Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2: 22-CR-00092-TOR-1 |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| GIBSON GARY MILLER, | |
| Defendant. | |

The United States of America, by and through the United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, respectfully submits the following sentencing memorandum. For the reasons stated herein, and consistent with the parties' plea agreement, the United States respectfully asks the Court to sentence Defendant, Gibson Gary Miller, to twenty-four months' imprisonment followed by three years' supervised release.

## I.    INTRODUCTION

This case involves jailhouse violence on the Spokane Indian Reservation in April 2022. Defendant, who was captured on video, physically assaulted his victim, breaking the victim's jaw. On these facts, the United States submits that a mid-guideline sentence of twenty-four months is sufficient, but not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

## II. STATEMENT OF FACTS

The Presentence Investigation Report (PSIR) lays out the basic facts underlying Defendant's offense: An assault resulting in serious bodily injury in Indian country. *See* ECF No. 27. The video depicts Defendant suddenly attack his victim, who was watching television at the time of the assault. *Id.* at ¶¶ 9-11. Unprovoked, Defendant struck his victim in the face, dislocating the victim's jaw. *Id.* at ¶ 11. Defendant then repeatedly struck the victim, even strangling the victim at one point. *Id.* at ¶ 16. As a result of the assault, the victim had his jaw wired shut. *Id.* at ¶ 18. The victim's nasal bone also was fractured. *Id.* The victim endured two surgeries to treat the damage to his face. *See id.* The cost of the victim's medical treatment was $12,477.62. *Id.* at ¶ 188. For these expenses, the United States is seeking restitution in that amount be paid to the Department of Health and Social Services. *Id.*

## III. SENTENCING CALCULATIONS

Based on a total offense level of 16, a criminal history score of 0, and a criminal history category of I, the government agrees with the U.S. Probation Office that the advisory guideline calculation is 21-27 months' imprisonment. ECF No. 27 at ¶ 198. The United States requests a sentence at the midpoint of this range.

## IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, the Court should consider the factors set forth in 18 U.S.C. § 3553(a).

**A. The nature and circumstances of the offense and the history and characteristics of the defendant**

The nature and circumstances of the offense, as described in the factual statement above and depicted in the video of the offense, are extremely concerning. The victim was watching television. Unprovoked, Defendant viciously attacked his victim striking him numerous times in the face and even strangling the victim. In

UNITED STATES' SENTENCING MEMORANDUM– 2

doing so, Defendant created an incredibly dangerous situation in a jailhouse with other inmates nearby. The attack created a chaotic situation putting the victim's wellbeing, as well as that of the guards and other inmates, at risk.

Defendant's history is concerning. While his criminal history score is zero. This is so only because the current Guideline regime does not score tribal convictions, of which Defendant has many. These convictions include weapons discharge, burglary, assault with a dangerous weapon, disorderly conduct, malicious mischief, and resisting arrest. ECF No. 27 at ¶¶ 50 – 107. He also has a history of arrests, including displaying a deadly weapon, assault, disorderly conduct, robbery, domestic violence, eluding police, and escape. *Id.* at ¶¶ 112 – 151. These convictions and arrests not only reflect escalating conduct stemming from crimes in Indian country, but such convictions also demonstrate that a low-guideline sentence, recommended by Defendant, is insufficient to achieve the sentencing factors under 3553(a). The government respectfully requests a mid-guidelines sentence in this case.

**B.    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public.**

This offense is serious. The Spokane Tribal jail lacks significant resources, and it not uncommon for just one or two guards to be on duty during any given shift. In this context, the danger of Defendant's attack cannot be understated. To promote respect for the law and protect the public, a mid-guidelines sentence is appropriate. Such a sentence is also necessary to deter Defendant and others from engaging violence in Indian country and elsewhere in Eastern Washington.

**C.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The best way to ensure consistent sentences for similarly-situated defendants across courtrooms, districts, and the country is for courts to apply the Guidelines in

the same manner everywhere. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007); *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). But diminishing sentencing disparities "depends . . . upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction." *United States v. Booker*, 543 U.S. 220, 250 (2005). "That determination is particularly important in the federal system where [some] crimes . . . can encompass a vast range of very different kinds of underlying conduct." *Id.* at 250–51.

Based on the facts, evidence, and circumstances of this case, a mid-guideline sentence of 24 months ensures similarly-situated defendants receive similar sentences and imposes a sentence on Defendant consistent with his criminal conduct.

## V.    SENTENCING RECOMMENDATION

The United States recommends the Court impose a sentence of twenty-four months' incarceration, followed by three years' supervised release.

DATED this 16th day of February 2023.

Respectfully submitted,

Vanessa R. Waldref
United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel of record.

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney